UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

RA'KYM WILLIAMS, )
        Plaintiff, )
v. ) Case No. CV415-045
BRYAN COUNTY JAIL, )
        Defendant. )

# ORDER

Proceeding *pro se*, inmate Ra'kym Williams brings this 42 U.S.C. § 1983 case against . . . he doesn't say. Doc. 1 at 1.[1] The Clerk took an

---

[1] As plaintiff is proceeding *in forma pauperis*, docs. 3, 4 & 5, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has stated a cognizable claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*,

educated guess and, on the docket page, inserted "Bryan County Jail" as the defendant. Williams complains about: (a) being wrongly tasered by a jail guard[2]; "not receiving my right medication for my mental issues"; an inadequate law library at the jail; "filthy" jail cells and showers; and inmates being charged money for things that used to be free. *Id.* at 5.[3]

This case faces dismissed for want of a named defendant. It is not up to the Court or its Clerk to name one for him. The plaintiff, after all, "is the master of the complaint." *Pearson v. Augusta*, 2015 WL 800206 at * 1 (S.D. Ga. Feb. 24, 2015); *Hager v. Portfolio Recovery Associates, LLC*, 2015 WL 1003856 at *1 (M.D. Fla. Mar. 6, 2015). And a Georgia jail cannot be sued in any event. *Logue, Jr. v. Chatham Cnty. Det. Cntr.*, 2010 WL 5769485 at * 3 (S.D. Ga. Dec. 29, 2010) ("Chatham County Detention Center . . . is not an entity that is subject to suit under § 1983."); *Ansley v. Franks*, 2010 WL 4007626 at *2 n. 2 (S.D. Ga. Aug. 30,

---

627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

[2] That *could* be a claim. *See, e.g., Lucier v. City of Ecorse*, 2015 WL 542884 at * 6 (6th Cir. Feb. 10, 2015) ("Where a police officer deploys a taser at an individual who is not actively resisting arrest, courts tend to hold that a § 1983 excessive-force claim is available, since the right to be free from physical force when one is not resisting the police is a clearly established right.") (quotes and cite omitted).

[3] *See also id.* at 2-3 (he claims he exhausted his administrative remedies -- the jail does not respond to filed grievances).

2010) ("the jail has no independent legal existence and is therefore not an entity that is subject to suit under § 1983."); *Allen v. Brown*, 2013 WL 1333175 at * 3 (S.D. Ga. Mar. 7, 2013).

Too, plaintiff seeks no damages, only a request for "the Court to help me with gettin[g] the correct people[,] meaning[,] the [Georgia Bureau of Investigation,] to come and see what is going on here and help with sending someone to talk to us inmates about what's going on here with this system." Doc. 1 at 6. Hence, he seeks declaratory and injunctive relief to remedy allegedly unconstitutional jail conditions. *Peralta v. Dillard,* 744 F.3d 1076 1083 (9th Cir. 2014) ("although prisoners can't sue states for monetary relief, they can sue for injunctions to correct unconstitutional prison conditions. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 & n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *see also Brown v. Plata*, ___ U.S. ___, 131 S.Ct. 1910, 179 L.Ed.2d 969 (2011).").

As is the case with many *pro se* litigators, Williams forgets that Congress restricted the power of federal courts to act. Citizens thus cannot "make a federal case" out of life's daily travails. That's why

3

plaintiffs bear the burden of establishing both jurisdiction[4] *and* an actionable claim -- through factual pleadings governed by rules like Fed. R. Civ. P. 8 & 10.

Williams has simply failed to do either here. *See, e.g., Phillips v Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (naked assertion of conspiracy between state judge and private defendants without supporting operative facts provided insufficient state action nexus for § 1983 action); *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135 (D.D.C. 2009) (*pro se* plaintiff's allegations failed to state claims

---

[4] Because this is a court of limited jurisdiction, the burden is on Williams to plead and prove, by a preponderance of the evidence, facts supporting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (because federal courts are courts of limited jurisdiction "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . .") (quotes and cite omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Those invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), for example, bear the burden of establishing complete diversity of citizenship -- that the plaintiff and defendant are domiciled in different states -- and that the amount in controversy more likely than not exceeds § 1332's $75,000 jurisdictional requirement. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *partially abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076-77 (11th Cir. 2000); *Connally v. State Farm Fire and Cas. Co.*, 2012 WL 2155110 at * 12 (S.D. Ala. May 22, 2012).

And those invoking federal question jurisdiction must allege a claim on which that jurisdiction rests -- for prisoners this often is a § 1983 claim that meets specific elements. *See, e.g., Edler v. Hockley County Com'rs Court*, 589 F. App'x 664, 668 (5th Cir. 2014) ("In a conditions-of-confinement case, the plaintiff must prove (1) a rule or restriction, an intended condition or practice, or a *de facto* policy as evidenced by sufficiently extended or pervasive acts of jail officials, (2) not reasonably related to a legitimate governmental objective, and (3) that violated his constitutional rights.").

against 22 named defendants, and thus would be dismissed; complaint alleged facts by referring to documents not clearly identified or that were not attached to complaint, plaintiff made no factual allegations against any defendants she referred to as "All Plaintiff's Former Lawyers," and complaint alleged no wrongdoing by one of named defendants).

Nor can the Court research the law and develop supporting facts for him. *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite omitted); *Sec'y, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012693 at * 1 (S.D. Ga. June 12, 2014) ("While Congress has chosen to provide indigents with access to the courts by way of its IFP statute, it has not funded a *pro se* support function. Judges, then, at most can construe liberally what *pro se*

litigants say factually, but they cannot develop legal arguments or plug the legal holes in their cases for them.").[5]

Within 30 days of the date this Order is served, plaintiff must file an Amended Complaint specifying what legal claims he wishes to raise in this case. Failure to comply with this Order will result in a recommendation that his case be dismissed.

Finally, Williams must pay his filing fee. His furnished account information shows that he has averaged $24.31 in his prison account during the past six months. Doc. 4. He therefore owes a $4.86 partial

---

[5] As another court recently explained:

> Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594.

*Davis v. Frito-Lay*, 2014 WL 3748622 at *4 (N.D. Ohio July 28, 2014).

filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His custodian (or designee) therefore shall remit that to the Clerk of Court (payable to the "Clerk of Court") plus 20 percent of all future deposits to his account, forward those additional funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO ORDERED** this 23rd day of March, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA